William W. Serba, J.
This is an appeal from a judgment of conviction for driving while intoxicated. The defendant was convicted on the verdict of a jury in the Town Justice Court of the Town of Cuba, New York, on November 3, 1969.
Prior to the trial, a motion was made to suppress certain confessions and admission alleged to have been given at the time of the arrest. The defendant, according to the testimony was followed by two State Police officers to his home and driveway by reason of observed erratic driving. He was asked for his registration, which was produced, he was asked if he was sick, if he had diabetes, if he was sleepy and if he had been drinking. He denied all but the last question and answered “ yes ” to the last question. He was then placed under arrest, advised concerning a blood test to which he agreed, and given advice as to right to counsel, to free counsel, and concerning the making and use of statements. He waived counsel and further questioning took place on route to the police station for a chemical test of his breath for blood-alcohol content.
At the hearing on the suppression motion, the court refused to allow the defendant’s attorney to cross-examine the police officers at length on the state of defendant’s intoxication and his capacity to understand the warnings given him. When this was asserted by counsel to be a defendant’s right, the court replied, “No, I don’t agree. The purpose of this hearing tonight was to listen to his oral admissions to see. whether they were properly heard, and, unless you are referring to Section 3 or such other relief as the Court may deem proper, I don’t see your purpose.” and, later, “ If what you say is true, then any individual that is charged with driving while intoxicated, standing upright, and with a .28, you can effectively argue that the Miranda warnings were not effective, because he couldn’t understand it.” There is no evidence that this defendant had a blood alcohol test rating of .28.
While defense counsel may have been taking an unusual approach to the defense of a charge of driving while intoxicated, *647 the exploration of understanding of the warnings is his absolute right under the Miranda decision wherein it was said, 11 If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.” (Miranda v. Arizona, 384 U. S. 436, 475.) The question of whether a person knowingly and intelligently waives his rights, including right to counsel and the right to be protected against coercive self incrimination as defined and protected by the Miranda ruling, is one of fact to be determined by the trial court upon all the evidence and the circumstances proved. The question to be determined is one of his being in touch with the realities of the situation, his volitional competency, the fairness of the police tactics, the degree of specific awareness of the particular facts or general understanding possessed by the confessant, and, basically, whether the accused was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements. Intoxication alone does not bar the use of a confession, but must be considered in the light of the factors indicated above and based upon those other surrounding circumstances which the trier of the facts would relate to his knowledge and human experience. (People v. Schompert, 19 N Y 2d 300; People v. Taylor, 32 A D 2d 557; People v. Daugherty, 32 A D 2d 573; People v. William, O. Anonymous, 59 Misc 2d 358; People v. Moore, 23 N Y 2d 673.)
The court, at the close of the hearing announced his decision with the words, “ Motion denied.” Chief Judge Desmond in People v. Huntley (15 N Y 2d 72, 78) stated: “ (b) The Judge must find voluntariness beyond a reasonable doubt before the confession can be submitted to a trial jury. The burden of proof as to voluntariness is on the People. ’ ’ The court did not submit the question to the jury. While on this trial the defendant failed to take objection, (and no reversal is had on this issue,) the Chief Judge in Huntley (supra) also said: “ (a) We adopt for New York State the so-called Massachusetts procedure described in the Jackson v. Denno opinion at pages 378-379 of 378 United States Reports ‘ under which the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused ’ and has made express findings upon the disputed fact question of voluntariness. We favor the Massachusetts rule for several reasons, the first being that our State 'Constitution (art. I, § 2) mandates a jury trial of the issue of voluntariness. Another consideration supporting this choice is that the Massachusetts rule not only meets the *648 demand of Jackson-Denno that ‘ a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence ’ (378 U. S., p. 395) but also provides a defendant with an opportunity before the jury itself to challenge the confession.”
In light of Miranda, subsequently decided and sections 813-f, 813-g, 813-h and 813-i of the Code of Criminal Procedure subsequently enacted, the court should make findings of fact beyond a reasonable doubt as to the compliance with Miranda, with section 395 of the Code of Criminal Procedure where it is in issue, and should, as indicated by Huntley, if the evidence is to be admitted, resubmit the issue of coercion and/or compliance with Miranda in relation to any statements or admissions where these issues are raised.
On the trial of the action, the defendant attempted to explain his erratic driving conduct by showing his wife had sent for him while in a terminal illness from which she died the same night, such illness causing great emotional stress to him on the particular evening. This evidence should not have been excluded.
The affidavit of errors is not supported in the record by any objection noted therein on the questions of failure to allow defendant sufficient time between the suppression hearing and the trial to obtain a copy of the testimony. This is now an academic question to the case upon any retrial of the action. Such time should, however, be allowed the defendant.
The court does not now pass on the sufficiency of the evidentiary foundation for the use of the breathalizer. This is a question not presently resolved by appellate decisions and in this case it is not necessary at this time to resolve the issues on this appeal in view of the errors appointed herein.
The judgment of conviction is reversed on the law and the action is remitted for a new trial. In view of the holding that the defendant has been denied an opportunity to present all of the relevant facts in evidence, the facts have not been reviewed for the purpose of this appeal.